# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NUMBER 18-0154** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS J.M. GOODIN (01)**<br>**MEKO R. WALKER (02)**<br>**BRITTANY S. GIX (03)** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Pending before the Court is a Motion to Sever Defendant [Doc. No. 116], as to Brittany S. Gix, (hereinafter "Gix"). There has been no opposition filed by the Government. In her Motion, Gix asks to sever her trial from that of the co-Defendant, Thomas J.M. Goodin (hereinafter "Goodin"), regarding Counts 3 and 4 of the Indictment.

The Indictment [Doc. No. 1] and [Doc. No. 2], has four Counts. In Count 1, Goodin, Meko R. Walker (hereinafter "Walker") and Gix are charged with conspiracy to distribute and to possess with the intent to distribute, fifty (50) grams or more of methamphetamine. The indictment alleges that the conspiracy began at a date unknown but at least by October 4, 2017 and continued on or about October 5, 2017.

Count 2 of the Indictment charges Walker and Gix with intentionally attempting to possess with intent to distribute, fifty (50) grams or more of methamphetamine, on October 5, 2017.

Count 3 of the Indictment charges Goodin with possession with intent to distribute fifty (50) grams or more of methamphetamine and Count 4 charges Goodin with possession and with intent to distribute ten (10) grams or more of phencyclidine (PCP), on November 30, 2017.

Gix is not charged in Counts 3 and 4 of the Indictment.

A review of the record in this case, specifically the Report and Recommendation made by Magistrate Judge Karen L. Hayes on May 20, 2019 [Doc. No. 111], shows that Goodin shipped a package containing approximately five hundred forty-two (542) grams of methamphetamine to 912 Riverside Drive, Apt. 37 in Monroe, Louisiana. The package was delivered to said address and Gix allegedly picked up the package and brought it inside the apartment, before it was carried away from the apartment by Walker. Thus, all three Defendants, including Gix, were charged with being involved as a result of this transaction.

The record (specifically the R&R [Doc. No. 112] by Magistrate Judge Karen L. Hayes on May 20, 2019), reflects that Counts 3 and 4 of the Indictment stem from a traffic stop of Goodin on November 30, 2017. Both phencyclidine (PCP) and methamphetamine were found in Goodin's vehicle.

Whether to sever counts of an indictment is a matter of discretion for the trial judge and he must balance any possible prejudice to defendant against judicial economy. *United States v. Outler* 659 F.2d 1306 (5th Cir. 1981).

The Government chose to indict all three Defendants together. Counts 1 and 2 involve a conspiracy as to 542 grams of methamphetamine which was shipped to Gix's apartment by Goodin. Although Counts 3 and 4 involve a traffic stop of Goodin and drugs allegedly possessed by him at a later date, (November 30, 2017), a jury should easily be able to distinguish the separate charges and the separate Defendants. A limiting instruction should be enough. It is the rule, not the exception, that persons indicted together should be tried together, especially in conspiracy cases. *United States v. McRae*, 702 F.3d 806 (5th Cir. 2012).

Balancing possible prejudice to Gix against judicial economy, this Court believes that the nature of the charges will be easily understood by a jury and will not prejudice Gix. Having one trial, (instead of two), would obviously be in the interest of judicial economy.

For the above reasons, the Motion to Sever [Doc. No. 116] filed by Brittany S. Gix is **DENIED.**

THUS DONE AND SIGNED this 19TH day of June, 2019, in Monroe, Louisiana.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA