## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:18-CR-00154-03** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRITTANY S GIX (03)** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM ORDER

Pending before the Court is a *pro se* Motion for Compassionate Release [Doc. No. 263] filed by Defendant Brittany S. Gix ("Gix") on February 22, 2022. Gix is currently serving a 120-month term of incarceration. She moves the Court for compassionate release due to COVID-19 risk factors. The United States of America ("the Government") filed a Response in Opposition [Doc. No. 268] on March 13, 2022.

For the reasons set forth herein, Gix's Motion for Compassionate Release is DENIED.

### I.      Background

On July 19, 2019, Gix was convicted by a jury on two counts; (1) Conspiracy 21 U.S.C. § 841(a)(1) and § 846 and (2) Attempted Possession with Intent to Distribute Methamphetamine [Doc. Nos. 187, 188]. On November 7, 2019, the Court sentenced Gix to 120 months imprisonment [Doc. No. 232]. At this time, Gix has been incarcerated for approximately thirty-three months of her 120-month sentence [Doc. No. 268].

Gix filed a Notice of Appeal on November 8, 2019 [Doc No. 228]. On March 4, 2021, the United States Court of Appeals for the Fifth Circuit's February 10, 2021, Judgment affirming this Court's judgement was filed [Doc. No. 260].

On May 18, 2020, Gix submitted a request for compassionate release to the Bureau of Prisons BOP [Doc No. 268-1]. On June 4, 2020, Gix's request for compassionate release was denied [Doc No. 268-2].  On February 22, 2022, Gix filed the instant Motion for Compassionate Release [Doc. No. 263]. The Government filed a Response in Opposition to Defendant's Motion for Compassionate Release [Doc. No. 268] on March 13, 2022.

On May 27, 2021, and June 14, 2021, Gix received doses of the Pfizer vaccine [Doc. No. 269-2]. On February 3, 2022, Gix tested positive for COVID-19 and was quarantined [Doc. No. 269-3]. On February 14, 2022, Gix was released from quarantine based on findings that her case was "resolved." [Doc. No. 269-6].

In her Motion for Compassionate Release, Gix maintains she is a prisoner at the Federal Correctional Institution at Aliceville, Alabama. Gix argues that she should be released because being incarcerated increases her susceptibility to the COVID-19 virus. [Doc. No. 263 p. 2]. That increase, she argues, is an "extraordinary and compelling reason for release." [Id. at 3].

While the Government concedes that Gix has exhausted her administrative remedies, it maintains that she is still not entitled to relief because she has not presented extraordinary and compelling reasons justifying her release, and the relevant § 3553(a) factors weigh against her release.

The Government argues in its Opposition that Gix's motion should be denied because she has received two doses of the vaccine and that the vaccine is shown to be effective in diminishing the risk of serious illness, and the general fear of contracting the virus has been held not to be an extraordinary or compelling circumstance.

Additionally, the Government argues that the other concerns raised in Gix's motion are not proper in a motion for compassionate release.

The issues have been briefed, and the Court is prepared to issue a ruling.

## II.     Law and Analysis

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), allows prisoners to directly petition courts for compassionate release [Doc. No. 143]. Before filing a motion with the court, prisoners must exhaust their administrative remedies with the BOP. This requirement is jurisdictional. *See United States v. Garcia*, 607 F.3d 209 (5th Cir. 2010).

The government concedes that Gix has exhausted her administrative remedies. Because Gix has exhausted her administrative remedies, this Court has jurisdiction to proceed with her motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Gix again moves to modify her sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the director of the BOP could file these kinds of compassionate release motions. The First Step Act was signed by President Trump and passed by Congress in 2018. 18 U.S.C. § 3582(c)(1)(A). This Act allows prisoners to directly petition courts for compassionate release after they have exhausted their administrative remedies.

Upon a finding that the prisoner has exhausted his administrative remedies, the district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and

compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

## A.  Extraordinary and Compelling Circumstances

The Sentencing Commission's Policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –
> (1)    extraordinary and compelling reasons warrant the reduction;
> (2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)    the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)        Medical Condition of the Defendant.—
>
>    (i)    The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>    (ii)    The defendant is—
>
>        (I)    suffering from a serious physical or medical condition,
>
>        (II)    suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)        Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)        Family Circumstances. —

    (i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)        Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. cmt. n. 1.

In *United States v. Shakambi*, 993 F.3d 388, 2021 WL 1291609 (5th Cir. Apr. 7, 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on a motion filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582 and "[t]he district court…is bound only by § 3582(c)(1)(A) and, as always, the sentencing factors in § 3553(a). *Shkambi*, 2021 WL 1291609, at *4.

*Shkambi* does not, however, render § 151.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to…§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v.*

*Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("the substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."; *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (Citing *Gunn* and recognizing "[t}he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motion s filed by a defendant, but they are not binding").

The Defendant bears the burden to establish circumstances exist under which she is eligible for a sentence reduction under 12 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EO-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.')(Citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 201900; *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828 at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

### B.  Analysis

In her motion, Gix asserts that she has an extraordinary and compelling reason which meets her burden under 18 U.S.C. § 3582 (c)(1)(A) to modify her prison sentence [Doc. No. 263].

Title 18 United States Code, Section 3582(c)(1)(A) provides that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." Gix does not suffer from a terminal illness. She is not

suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the…correctional facility." *Id.* at cmt. n.1(a)(ii)(I-III).  Although the policy statements are no longer binding on the Court, it is noted that her situation does not meet the extraordinary and compelling standard as set by the policy statement.

In addressing Gix's COVID-19 concerns, she argues that she is entitled to compassionate release because of a general fear of contracting the COVID-19 virus. The Fifth circuit has held that general fear of contracting COVID-19 while in prison is not an "extraordinary and compelling reason" warranting relief. *United States v. Thompson*, 984 F.3d 431 (5th Cir. 2021). *See also*, *United States v. right*, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence.").

Because Gix's claims of an extraordinary and compelling reason to support her release are based on the general fear of COVID-19, there is no extraordinary and compelling reason supporting compassionate release. Additionally, Gix has received both doses of the Pfizer vaccine and actually contracted COVID-19 on February 3, 2022. Gix likely has some form of immunity to COVID-19.

### C.  Danger to the community

Had an extraordinary or compelling reason been found which met the burden required, this Court must still consider whether Gix remains a danger to the community, as required by U.S.S.G.

§ 1B1.12(2), which refers to 18 U.S.C § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Gix must establish that she would not be a danger to the community if released. In her motion, she maintains that if released, she will live with her sister [Doc. No. 263, p. 4].

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing in a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, … community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant; [and]
(2) The need for the sentence imposed-
    A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. To afford adequate deterrence to criminal conduct; [and]
    C. To protect the public from further crimes of the defendant.

The court must consider all pertinent circumstances, including the § 3553(a) factors and possible danger to the community. 18 U.S.C. § 3582(c)(1)(A).

Gix has not demonstrated she will not pose a danger to the community if she were released or that her release comports with the applicable § 3553(a) factors. Gix's underlying conviction and criminal history both indicate she will pose a danger to the community.

Gix's underlying conviction is for Conspiracy and Attempted Possession with Intent to Distribute Methamphetamine. Although she does not have a lengthy criminal record, the quantities

8

of drugs involved in this instance were substantial. Additionally, she has only served a fraction of her 120-month sentence. At this time, she has only served approximately thirty-three months of a mandatory minimum 120-month sentence.  This Court does not believe Gix has served enough of her sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

To the extent that Gix is asserting a challenge to her sentence, with the quality of medical care she has received while in BOP custody, or religious claims, such allegations cannot be addressed in a compassionate release motion under § 3582(c)(1)(A). Challenges to manner and execution of sentence or conditions of confinement are more properly redressed in a habeas petition under 28 U.S.C. § 2241. For challenges related to sufficiency of medical care, Gix must file a *Bivens* lawsuit after exhausting her administrative remedies. See *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007).

### III.    Conclusion

For the above and foregoing reasons, **IT IS ORDERED** that the Motion for Compassionate Release [Doc. No. 263] filed by Brittany S. Gix is **DENIED**.

MONROE, LOUISIANA, this 23rd day of March 2022.

_____
    **TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**