UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:18-CR-00154-03** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRITTANY S GIX (03)** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

The Court is in receipt of a *pro se* letter/filing from Defendant Brittany Gix ("Gix"), which it construes to be a motion to reduce sentence, that was filed on June 6, 2022.

For the following reasons, the Motion is **DENIED**.

### I.     BACKGROUND

On July 19, 2019, Gix was convicted by a jury on two counts; (1) Conspiracy 21 U.S.C. § 841(a)(1) and § 846 and (2) Attempted Possession with Intent to Distribute Methamphetamine [Doc. Nos. 187, 188]. On November 7, 2019, the Court sentenced Gix to 120 months imprisonment [Doc. No. 232]. At this time, Gix has been incarcerated for approximately thirty-five months of her 120-month sentence [Doc. No. 268].

Gix filed a Notice of Appeal on November 8, 2019 [Doc No. 228]. On March 4, 2021, the United States Court of Appeals for the Fifth Circuit's February 10, 2021, Judgment affirming this Court's judgment was filed [Doc. No. 260].

Gix filed a Motion for Compassionate Release [Doc. No. 263] on February 22, 2022. That Motion was denied [Doc. No. 271] by this Court on March 23, 2022.

Gix then filed the instant Motion, wherein she requests a reduction of sentence. Within the Motion, she details to the Court the programs and rehabilitation she has participated in while

incarcerated. The Court has considered Gix's letter/motion, and the exhibits attached to the letter, and is prepared to rule.

## II. LAW AND ANALYSIS

Rule 35 of the Federal Rules of Criminal Procedure[1] requires that motions to reduce a legal sentence be made within 120 days after sentence is imposed. The 120-day time limit is jurisdictional and may not be extended by the district court. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (dictum); *United States v. Gonzalez-Perez*, 629 F.2d 1081, 1083 (5th Cir. 1980); FED.R.CRIM.P. 45(b). Accord, *United States v. Inendino*, 655 F.2d 108, 109 (7th Cir. 1981); *United States v. Smith*, 650 F.2d 206, 208 (9th Cir. 1981); *United States v. Dansker*, 581 F.2d 69, 72 (3rd Cir. 1978). Its dual purpose is to allocate responsibility for disposition of an offender between the sentencing court and parole authorities and to protect courts against "continuing and successive importunities by the defendant." *United States v. Mendoza*, 565 F.2d 1285, 1290 (5th Cir. 1978) modified en banc 581 F.2d 89 (5th Cir. 1978).

The Court notes that the 120-day time limit has more than expired in this case for Gix to file a motion to reduce her sentence. The Court is aware that a motion to correct an illegal sentence may be raised at any time; however, the sentence in this case was not illegal. The Court also notes that Gix was given the minimum sentence in this case. Because Gix failed to timely file her Motion, and because the Court sees no reason to alter or amend the sentence given in this case, the Motion is **DENIED**.

---

[1] (**b**) **Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

### III. CONCLUSION

Based on the reasons set forth above,

**IT IS ORDERED** that the *pro se* Motion to Reduce Sentence [Doc. No. 273] is **DENIED** as untimely.

MONROE, LOUISIANA, this 7th day of June 2022.

_____
Terry A. Doughty
United States District Judge